IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fund Recovery Services, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22 C 5351 |
| | ) | |
| | ) | |
| Latonya D. Kitchen and Karensa | ) | |
| Hutchens, | ) | |
| | ) | |
| Appellees. | ) | |

Memorandum Opinion & Order

Appellant Fund Recovery Services, LLC ("FRS") seeks review of

a bankruptcy court's grant of class certification ("Bankr. Op.")

in the underlying bankruptcy proceeding. For the following

reasons, the motion for leave to appeal is denied.

I.

The bankruptcy court's opinion contains the relevant factual

and procedural background, which I briefly review here. In 2015

and 2016, an affiliate of Argon Credit LLC and Argon X, LLC

(collectively, "Argon")--debtors in the bankruptcy proceeding--

entered into consumer loan agreements with plaintiffs and putative

class members. These consumer loans were financed by borrowing

under a loan and security agreement ("LSA") that gave the lender

a security interest in the consumer loan receivables and a parent

guarantee from one of the Argon entities. The rights and remedies under the LSA have since been assigned to FRS.

When Argon filed for bankruptcy, FRS sought to collect on the consumer loans. To do so, FRS allegedly presented itself to consumers as Argon, threatened to report delayed payments to credit rating agencies, and threatened to use or actually did use a provision in the consumer loan agreements that authorized Argon to debit consumers' checking accounts for amounts owed. The bankruptcy court allowed plaintiffs and others to pursue arbitration against FRS, but that proved unfruitful when FRS refused to pay required fees, leading the American Arbitration Association to close the cases. The plaintiffs then brought the underlying action, alleging violations of California's Unfair Competition Law ("UCL") and California's Fair Debt Collection Practices Act ("CFDCPA") based on FRS's attempts to collect on consumer loans that plaintiffs maintain are void.

On September 15, 2022, the bankruptcy court granted plaintiffs' motion for class certification. Pursuant to 28 U.S.C. § 158(a)(3), FRS seeks review of two aspects of that ruling. First, FRS contends that plaintiffs lack standing under the UCL and CFDCPA to bring this suit because they have not suffered economic harm. Second, FRS argues that plaintiffs have failed to satisfy Federal Rule of Civil Procedure 23(b)(3)'s "predominance" requirement to certify a class.

2

There is no absolute right to take an appeal from an interlocutory order. *See In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006). In reviewing motions for interlocutory appeal under 28 U.S.C. § 158(a)(3), courts apply the general interlocutory appeal standard from 28 U.S.C. § 1292(b). *See, e.g.*, *In re Auto. Pros., Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007). Under that standard, an appeal is allowed when it "(1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation." *Id.* (citing 28 U.S.C. § 1292(b); *Tr. of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997)). To satisfy the second requirement--as discussed below, this is the one on which FRS falters--a movant must demonstrate "a substantial likelihood" that the interlocutory order will be reversed on appeal. *In re MCK Millennium Ctr. Parking, LLC*, No. 12 B 24676, No. 15 C 1163, 2015 WL 2004887, at *4 (N.D. Ill. Apr. 29, 2015) (citing *Tr. of Jartran*, 208 B.R. at 901). Moreover, the party seeking leave to appeal "also bears the burden of convincing the court that [its] case involves 'exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Auto. Pros.*, 379 B.R. at 751 (quoting *In re Woltman*, No. 06-2088, 2006 WL 2052078, at *1 (C.D. Ill. May 24, 2006)).

II.

FRS first seeks review of the bankruptcy court's finding that plaintiffs satisfy Article III's requirement of concrete injury. FRS is correct that a bare statutory violation alone may not satisfy this requirement. In *TransUnion LLC v. Ramirez*, the Supreme Court held that certain class members lacked standing because, although TransUnion violated the Fair Credit Reporting Act by failing to ensure the accuracy of those members' credit files, those defective files were never provided to third parties. 141 S. Ct. 2190, 2210 (2021). Other class members in that case had standing because their files were communicated to third parties. *Id.* at 2208-09. In addition to false credit reporting, a statutory violation in the consumer finance context may inflict a concrete injury by, for example, causing her to "pa[y] a debt she did not owe or otherwise act[] to her detriment." *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022) (citing *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020)).

Here, FRS faults plaintiffs and the bankruptcy court for finding standing based solely on violation of statutory penalty provisions, Cal. Fin. Code §§ 22750, 22752. But in fact, the bankruptcy court specifically found that "[p]laintiffs' amended complaint alleges an economic injury (the money FRS took from their bank accounts)" and that "[p]laintiffs paid in response to an unlawful demand for payment." Bankr. Op. at 4. In other words, and

4

contrary to FRS's representation, the bankruptcy court did not hold that bare statutory violations confer standing; instead, it found that plaintiffs suffered concrete injury when they paid money they did not owe. This finding is not contestable.

### III.

FRS also seeks review of the bankruptcy court's finding that plaintiffs meet the predominance requirement of Rule 23(b)(3). To satisfy this requirement, a plaintiff must "demonstrate that the element[s]" of their claims are "capable of proof at trial through evidence that is common to the class rather than individual to its members." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 818 (7th Cir. 2012) (citation, quotation marks, and emphasis omitted). According to FRS, individual questions predominate because each class member would need to produce evidence of her economic harm as part of the UCL claim. Even if FRS is right that each class member will ultimately need to show some individualized evidence about how much they paid to FRS, the predominance inquiry does not require that all questions be common to all class members. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 379 (7th Cir. 2015) ("The fact that the plaintiffs might require individualized relief or not share all questions in common does not preclude certification of a class." (citing cases)). "The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues." *Beaton v.*

*SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018) (citing *Messner*, 669 F.3d at 815); *see also Messner*, 669 F.3d at 819-20 (holding that demonstration of common evidence and a common methodology--even if individual calculations will be required-- satisfies predominance requirement).

Here, common questions predominate, including whether the consumer loans as issued are void under California state law, whether it was unlawful for FRS to attempt to collect on these loans, and what the appropriate remedy is. It is therefore not substantially likely that the bankruptcy court's order would be overturned on this basis.

I am also not persuaded by FRS's suggestion that, for the UCL claim, whether certain class members have repaid less than the amount of the allegedly unlawful loan will affect whether they suffered economic injury. For one thing, this is essentially a reframing of FRS's argument that plaintiffs did not suffer concrete harm. Additionally, as the bankruptcy court noted, courts have often found economic injury under the UCL even where plaintiffs incurred a net benefit. *See* Bankr. Op. at 4-5 (citing cases). I agree with the bankruptcy court and others that a UCL claim accrues "the moment [a plaintiff] paid money to which [d]efendants were not entitled." *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2020 WL 5910077, at *9 (N.D. Cal. Oct. 6, 2020) (citations

omitted). It is therefore unlikely that the bankruptcy court's opinion would be overturned on the basis of this argument.

FRS also argues that the predominance requirement is not met for the CFDCPA claim because some class members may be barred by that law's one-year statute of limitations. Again, however, even if some members' claims may be subject to this defense, this individualized question is outweighed by the predominating common questions at play.

IV.

For the foregoing reasons, FRS's motion for leave to appeal is denied. The appeal is dismissed for lack of jurisdiction.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 25, 2023